In the Matter of DANIEL M. HIMMEL, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, May 6, 1974.

*Harold Cannold* for petitioner.

*Joseph Slavin* for respondent.

*Per Curiam.* The respondent was admitted to practice by the Appellate Division, Second Judicial Department, on May 28, 1954. In this proceeding to discipline him for professional misconduct, he was charged, in essence, with appropriating a client's funds for his own use. The report of the Justice of the Supreme Court to whom the issues were referred for hearing and report found that the respondent received $5,000 from his client which was to be forwarded as a down payment for the purchase of a residence and that respondent's own $5,000 check to the seller was dishonored for insufficient funds, but also that the respondent had borrowed the $5,000 from the client. The report concluded, however, that there existed no professional misconduct.

The respondent moves to confirm the report and to dismiss the proceeding. The petitioner cross-moves to confirm the factual findings of the report but to disaffirm " the conclusion of law set forth in the last sentence of said report that such factual findings do not constitute ' professional misconduct ' on the part of respondent."

The petition alleged that a client gave the respondent $5,000 to be sent as a down payment upon a contract for the sale of real property to a seller's attorney; that the respondent used this $5,000 for his personal use and failed to repay it by the time of closing of title, forcing his client to borrow an additional $5,000 in order to complete the purchase.

The petition further charged that the respondent was admonished by the Grievance Committee of the Association of the Bar of the City of New York for professional misconduct, after its investigation of a complaint by another client of the respondent.

The evidence adduced at the hearing fully supports the charges made. Accordingly, we deny the respondent's motion and grant the petitioner's cross motion, thus confirming only the factual findings made by Mr. Justice MULTER. We hereby find the respondent guilty of professional misconduct resulting from the conversion of his client's funds.

In determining the nature and extent of the discipline to be imposed upon the respondent, we have taken into consideration the mitigating circumstances advanced by him. Under all the circumstances, it is our opinion that he should be, and he hereby is, suspended from the practice of law for a period of one year commencing June 1, 1974.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.